```
               UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF FLORIDA

         CASE NO. 09-61976-CIV-DIMITROULEAS/SNOW
```

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

RICHARD HILL,

      Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on the Plaintiff's Motion for Attorney's Fees (DE 11-2), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation. The defendant, appearing *pro se*, filed a Motion to Dismiss Plaintiff's Motion for Attorney's Fees (DE 21), which the undersigned will construe as a response to the instant motion, and the plaintiff filed a Response in Opposition to Defendant's Motion to Dismiss Plaintiff's Motion for Attorney's Fees (DE 22), which the undersigned will construe as a reply memorandum. The motion is fully briefed and ripe for consideration.

### I. PROCEDURAL HISTORY

This is an action brought by the United States to collect a debt from a student loan guaranteed by United States Student Aid Funds, which was reinsured by the Department of Education. On April 28, 2010, the Court entered summary judgment in favor of the plaintiff, but reserved ruling on the instant motion to provide the

defendant with an opportunity to respond to it. (DE 18 at 6) The Court held that there are no statutes of limitations that can bar the United States from collecting on federally guaranteed student loans, citing 20 U.S.C. § 1091(a). Id. at 4.

The plaintiff seeks attorney's fees, pursuant to contract and 28 U.S.C. § 2412, in the amount of $1,040.00 (5.2 hours at $200 per hour). In support of the motion, the plaintiff filed the affidavit of its counsel, Jennifer Margolis Marquez, Esq., detailing the time she spent on each task in connection with the instant case. The plaintiff also filed the expert affidavit of Lee C. Schmachtenberg, Esq., who is a member of the Florida Bar and who reviewed the file and opined that the fee requested was reasonable and consistent with the fees charged in the community for cases of this type.

The defendant argues that this action is barred by the statute of limitations. Alternatively, the defendant contends that the abrogation of the statute of limitations would constitute a due process violation with oppressive effects on the defendant's innocent wife and minor child.

In response, the plaintiff points out that as there is no statute of limitations barring the collection of the underlying debt and consequently no bar to the award of attorney's fees. The plaintiff also notes that although the defendant's financial or family situation may constitute a defense to the collection of the debt, it is not a defense to the debt itself.

II. RECOMMENDATIONS OF LAW

The undersigned agrees with the plaintiff that it is entitled to an award of fees, and that the fee award is not barred by the statute of limitations. Additionally, the undersigned concurs that the defendant has failed to show any violation of due process associated with an award of fees in this case. Therefore, the undersigned must considered whether the claimed amount is reasonable.

This Court must calculate a reasonable attorney fee by utilizing the "lodestar" method described in Hensley v. Eckerhart, 461 U.S. 424 (1983), which held that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," since this computation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. at 433.

The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. A district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Id. at 433-34. Therefore, counsel for the prevailing party "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Id. at 434.

The Eleventh Circuit has adopted the lodestar approach as the method to be used in calculating federal statutory fee awards. Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The court must begin by determining a reasonable hourly rate, which is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. at 1299, citing Blum v. Stenson, 465 U.S. 886, 895 (1984). The applicant bears the burden of proving, by direct or opinion evidence, that the requested rate is in line with prevailing market rates. Norman, supra, at 1299.

In assessing the relevance of the fee comparables provided by the applicant, the court may consider the factors enumerated in Johnson v. Georgia Highway Express Co., 488 F.2d 714, 717-19 (5th Cir. 1974): the novelty and difficulty of the issues; skill required to perform the legal service properly; preclusion of other employment by the attorney due to acceptance of the case; the customary fee; whether the fee is fixed or contingent; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorneys; the "undesirability" of the case; the

nature and length of the professional relationship with the client, and awards in similar cases. Norman, supra, at 1299-1300.

The applicant also bears the burden of documenting his or her time expenditures, and may submit opinions as to their reasonableness. Id. at 1303. However, the court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Id.

Based on the opinion offered by attorney Schmachtenberg and the Court's own knowledge of fee awards in this district, the undersigned finds that the hourly rate of $200.00 is reasonable and consistent with fees charged in the Southern District of Florida for work on similar cases. The undersigned further finds that the expenditure of 5.2 hours was reasonable and appropriate in this case.

### III. CONCLUSION

For the foregoing reasons and being duly advised, it is hereby

RECOMMENDED as follows:

1. That the Plaintiff's Motion for Attorney's Fees (DE 11-2) be GRANTED, and that the judgment in this cause include a fee award in the amount of $1,040.00.

   2. That the Defendant's Motion to Dismiss Plaintiff's Motion for Attorney's Fees (DE 21), which is actually the defendant's response to the motion for attorney's fees, be DENIED AS MOOT.

   The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

   DONE AND SUBMITTED at Fort Lauderdale, Florida, this 13th day of July, 2010.

                /s/ Lurana S. Snow
                LURANA S. SNOW
                UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record